**Not for Publication**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

―――――――――――――――――――――――――――――――  :
                                                    :
**RAYMOND J. PETERSON,**                             :
                                                    :
       **Plaintiff,**     :          **Civil Action No. 16-2912 (ES)**
                                                    :
       **v.**          :          **OPINION**
                                                    :
**COMMISSIONER OF SOCIAL SECURITY,**                :
                                                    :
       **Defendant.**   :
―――――――――――――――――――――――――――――――  :

**SALAS, DISTRICT JUDGE**

Before the Court is an appeal filed by Raymond J. Peterson ("Plaintiff") seeking review of Administrative Law Judge John Giannopoulos's ("ALJ" or "ALJ Giannopoulos") decision denying Plaintiff's application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act (the "Act"). The Court has subject matter jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Having considered the submissions in support of and in opposition to the present appeal, as well as the administrative record, the Court decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, the Court vacates ALJ Giannopoulos's decision and remands the case for further proceedings consistent with this Opinion.

**I.  BACKGROUND**

Plaintiff, a 59-year-old man, filed an application for DIB on March 21, 2013, alleging disability as of November 5, 2008, due to blindness in the left eye, partial loss of vision in the right eye, diabetes, high blood pressure and depression. (D.E. No. 8, Administrative Record ("Tr.") at 47). Plaintiff's date of last insured for Title II benefits is December 31, 2009. (*Id.* at 43). The

Commission denied application initially on June 12, 2013, and on reconsideration on August 23, 2013. (*Id.*). ALJ Giannopoulos held a hearing on January 13, 2015. (*Id.*). On March 24, 2015, ALJ Giannopoulos denied Plaintiff's application. (*Id.* at 49). Plaintiff sought Appeals Council review. (*Id.* at 1-6). On March 21, 2016, the Appeals Council concluded that there were no grounds for review. (*Id.*). Plaintiff thereafter filed the instant appeal.

The Court received the administrative record on November 4, 2016. (D.E. No. 8). The parties briefed the issues raised by Plaintiff's appeal. (*See* D.E. No. 13 ("Pl. Mov. Br."); D.E. No. 14 ("Def. Opp. Br."); D.E. No. 15 ("Pl. Reply Br.")). On November 6, 2017, the Court requested supplemental letter briefs addressing whether the ALJ conducted a proper combination analysis in concluding that Petersen "did not have an impairment or combination of impairments that met or The parties submitted their supplemental briefs on November 17, 2017. (*See* D.E. No. 17 ("Pl. Supp. Br."); D.E. No. 18 ("Def. Supp. Br.")).[1] The matter is ripe now for resolution.

## II.     LEGAL STANDARD

### A.  Standard for Awarding Benefits

To be eligible for DIB under Titles II and XVI of the Act, a claimant must establish that he or she is disabled as defined by the Act. See 42 U.S.C. §§ 423 (Title II), 1382 (Title XVI). A claimant seeking DIB must also satisfy the insured status requirements set forth in § 423(c). Disability is defined as the inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(a). The individual's physical or mental impairment(s) must be "of such

---

[1]     *Farley v. Colvin*, 231 F. Supp. 3d 335, 339-41 (N.D. Cal. 2017) (collecting cases and explaining that the court has the power to consider issues *sua sponte* in social security appeals).

severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(a), 1382c(a)(3)(B).

The Act has established a five-step sequential evaluation process to determine whether a plaintiff is disabled. 20 C.F.R. § 404.1520(a)(4). If at any point in the sequence the Commissioner finds that the individual is or is not disabled, the appropriate determination is made and the inquiry ends. *Id.* The burden rests on the claimant to prove steps one through four. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).[2] At step five, the burden shifts to the Commissioner. *Id.*

***Step One.*** At step one, the claimant must demonstrate that she is not engaging in any substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). Substantial gainful activity is defined as significant physical or mental activities that are usually done for pay or profit. 20 C.F.R. §§ 416.972(a), (b). If an individual engages in substantial gainful activity, she is not disabled under the regulation, regardless of the severity of her impairment or other factors such as age, education, and work experience. 20 C.F.R. § 404.1520(b). If the claimant demonstrates she is not engaging in substantial gainful activity, the analysis proceeds to the second step.

***Step Two.*** At step two, the claimant must demonstrate that her medically determinable impairment or the combination of impairments is "severe." 20 C.F.R. § 404.1520(a)(4)(ii). A "severe" impairment significantly limits a plaintiff's physical or mental ability to perform basic work activities. 20 C.F.R. § 404.1520(c). Slight abnormalities or minimal effects on an individual's ability to work do not satisfy this threshold. *See Leonardo v. Comm'r of Soc. Sec.*, No. 10-1498, 2010 WL 4747173, at *4 (D.N.J. Nov. 16, 2010).

---

[2] Unless otherwise indicated, all internal citations and quotation marks are omitted, and all emphasis is added.

**Step Three.**  At step three, the ALJ must assess the medical evidence and determine whether the claimant's impairment or combination of impairments meet or medically equal an impairment listed in the Social Security Regulations' "Listings of Impairments" in 20 C.F.R. Part 404, Subpart P, Appendix 1.  *See* 20 C.F.R. § 404.1520(a)(4)(iii).  Upon a finding that the claimant meets or medically equals a listing, the claimant is presumed to be disabled and is automatically entitled to benefits.  20 C.F.R. § 416.920(d).

When evaluating medical evidence in step three, an ALJ must give controlling weight to and adopt the medical opinion of a treating physician if it "is well-supported . . . and is not inconsistent with the other substantial evidence in [the] case record."  20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).  Not inconsistent does not mean that the opinion must "be supported directly by all of the other evidence [i.e., it does not have to be consistent with all the other evidence] as long as there is no other substantial evidence in the case record that contradicts or conflicts with the opinion."  *Williams v. Barnhart*, 211 F. App'x 101, 103 (3d Cir. 2006).  Even where the treating physician's opinion is not required to be given controlling weight, the opinion is not necessarily rejected and may still be entitled to deference "depending upon the extent to which supporting explanations are provided."  *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999).  If there is conflicting medical evidence, "the ALJ may choose whom to credit but cannot reject evidence for no reason or for the wrong reason."  *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000).  "In choosing to reject the treating physician's assessment, an ALJ may not make speculative inferences from medical reports and may reject a treating physician's opinion outright only on the basis of contradictory medical evidence and not due to his or her own credibility judgments, speculation or lay opinion."  *Id.*

**Step Four.**  If a claimant is not found to be disabled at step three, the analysis continues to step four in which the ALJ determines whether the claimant has the RFC to perform her past relevant work.  20 C.F.R. § 416.920(a)(4)(iv).  If the plaintiff lacks the RFC to perform any work she has done in the past, the analysis proceeds.

**Step Five.**  In the final step, the burden shifts to the Commissioner to show that there is a significant amount of other work in the national economy that the claimant can perform based on her RFC and vocational factors.  20 C.F.R. § 404.1520(a)(4)(v).

### B.  Standard of Review

The Court must affirm the Commissioner's decision if it is "supported by substantial evidence."  42 U.S.C. §§ 405(g), 1383(c)(3); *Stunkard v. Sec'y of Health & Human Servs.*, 841 F.2d 57, 59 (3d Cir. 1988).  "Substantial evidence does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).  Although substantial evidence requires "more than a mere scintilla, it need not rise to the level of a preponderance."  *McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 360 (3d Cir. 2004).  While failure to meet the substantial evidence standard normally warrants remand, such error is harmless where it "would have had no effect on the ALJ's decision."  *Perkins v. Barnhart*, 79 F. App'x 512, 515 (3d Cir. 2003).

The Court is bound by the ALJ's findings that are supported by substantial evidence "even if [it] would have decided the factual inquiry differently."  *Hartranft*, 181 F.3d at 360. Thus, this Court is limited in its review because it cannot "weigh the evidence or substitute its conclusions for those of the fact-finder."  *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992).

Regarding the ALJ's assessment of the record, the Third Circuit has stated, "[a]lthough the ALJ may weigh the credibility of the evidence, he must give some indication of the evidence which he rejects and his reason(s) for discounting such evidence." *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 121 (3d Cir. 2000). The Third Circuit noted, however, that "Burnett does not require the ALJ to use particular language or adhere to a particular format in conducting his analysis. Rather, the function of Burnett is to ensure that there is sufficient development of the record and explanation of findings to permit meaningful review." *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004).

### III.   ALJ GIANNOPOULOS'S DECISION

ALJ Giannopoulos applied the five-step disability evaluation process required by 20 C.F.R §§ 404.1520(a)(4) and 416.920(a)(4) and determined that Plaintiff was not disabled under the Act. (Tr. at 43-49). The ALJ also found that Plaintiff last met the insured status requirements of the Act on December 31, 2009. (*Id.* at 43).

At step one, the ALJ determined that Plaintiff did not engage in substantial gainful activity during the period at issue, the alleged onset date of November 5, 2008 through the date last insured of December 31, 2009. (*Id.* at 45).

At step two, the ALJ determined that Plaintiff had the following severe impairments: loss of vision in the left eye, partial loss of vision in the right eye, and diabetes. (*Id.*). The ALJ found that Plaintiff's psychiatric impairments were not medically determinable prior to the date last insured because Plaintiff's first psychiatric admission was not until August 5, 2012. (*Id.*).

At step three, ALJ Giannopoulos determined that for the period at issue, the Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (*Id.* at 46).

Specifically, the ALJ found that (i) Plaintiff's right eye was not equal to or less than 20/200, as required by listing 2.02; (ii) Plaintiff's right eye did not meet the requirement of "contraction of peripheral visual fields in the better eye to ten degrees or less from the point of fixation or so the widest diameter subtends an angle no greater than twenty degrees or to twenty percent or less visual field efficiency," as required in listing 2.03; and (iii) Plaintiff's right eye did not have the visual efficiency, after best correction, of twenty percent or less, as required by listing 2.04. (*Id.*).

At step four, the ALJ found that during the relevant time period, Plaintiff "had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except he was limited to occasionally climbing ramps and stairs and never climbing ladders and scaffolds." (*Id.*). ALJ Giannopoulos also found the following additional limitations: (i) Plaintiff could never be exposed to unprotected heights; (ii) Plaintiff could occasionally be exposed to moving mechanical parts; (iii) Plaintiff could occasionally operate a motor vehicle; (iv) Plaintiff could have no exposure to extreme cold; and (v) Plaintiff's vision was limited to reading ordinary newspaper or book print. (*Id.*).

ALJ Giannopoulos also determined "that [Plaintiff's] medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." (*Id.*). The ALJ noted that Plaintiff's vision was improving throughout the time at issue, and Plaintiff was not found to be legally blind in his left eye until March 6, 2012. (*Id.* at 47). The ALJ also references Plaintiff's ability to complete the Adult Function Report himself. (*Id.* at 48). ALJ Giannopoulos concluded his step-four analysis by stating that "the credibility of [Plaintiff's] allegations is weakened by inconsistencies between his allegations and the medical evidence." (*Id.*).

At step five, the ALJ found that Plaintiff was capable of performing past relevant work as both a mortgage loan processor and retail sales clerk. (*Id.*). "This work did not require the performance of work-related activities precluded by [Plaintiff's] residual functional capacity." (*Id.*) ALJ Giannopoulos agreed with the vocational expert that an individual such as Plaintiff would be capable of performing this past relevant work. (*Id.* at 49).

Accordingly, ALJ Giannopoulos found that Plaintiff was not disabled, as defined in the Act, during the period of time from November 5, 2008 to December 31, 2009. (*Id.*).

## IV.  DISCUSSION

After reviewing the parties' submissions in support of and in opposition to the instant appeal, and the parties' supplemental submissions, the Court finds that ALJ Giannopoulos failed to perform a proper combination analysis.

At step three, the ALJ must consider the medical severity of the claimant's impairment(s) and whether the impairment(s) "meets or equals one of [the] listings in Appendix 1" of 20 C.F.R. Part 404, Subpart P.  *See* 20 C.F.R. § 404.1520(a)(4)(iii).  Although the claimant bears the burden of proving that his impairments meet those listed in Appendix 1, if a claimant's impairments do not meet the requirements of any listing, the ALJ is required to determine whether the combination of impairments is medically equal to any listed impairment.  *Torres v. Comm'r of Soc. Sec.*, 279 F. App'x 149, 151-52 (3d Cir. 2008) (citing *Burnett*, 220 F.3d at 120 n.2; 20 C.F.R. § 404.1526(b)). Further, the ALJ must set forth the reasons for his decision.  *Burnett*, 220 F.3d at 119.  Conclusory statements have been found to be "beyond meaningful judicial review."  *Id.*  In *Jones v. Barnhart*, the Third Circuit clarified *Burnett*, stating that *Burnett* does not require the ALJ to use specific language.  364 F.3d 501, 505 (3d Cir. 2004).  But *Jones* nevertheless states that there must be

"sufficient development of the record and explanation of the findings to permit meaningful review." *Id.*

Here, ALJ Giannopoulos concluded—without discussion or analysis—that "the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (Tr. at 46). While the ALJ provides the definition for the listings in sections 2.02, 2.03, and 2.04, he summarily concludes that "[t]he evidence of record fails to demonstrate that any of these criteria were met during the alleged onset date through the claimant's date last insured." (*Id.*). The ALJ's five-sentence step-three analysis is reproduced verbatim below:

> Consideration was given to the listings in sections 2.02, 2.03 and 2.04. Listing 2.02 requires remaining vision in the better eye after best correction of 20/200 or less. Listing 2.03 required a contraction of peripheral visual fields in the better eye to ten degrees or less from the point of fixation or so the widest diameter subtends an angle no greater than twenty degrees or to twenty percent or less visual field efficiency. Listing 2.04 requires that the visual efficiency of the better eye after best correction is twenty percent or less. The evidence of record fails to demonstrate that any of these criteria were met during the alleged onset date through the claimant's date last insured.

(*Id.*). The Court agrees with Plaintiff that this is an insufficient step-three combination analysis. (*See* Pl. Supp. Br. at 1). The analysis is conclusory and inadequate. The ALJ must set forth the reasons for his decision. *Burnett*, 220 F.3d at 119. Conclusory statements, like the one in this case, are "beyond meaningful judicial review." *Burnett*, 220 F.3d at 119 (stating that an ALJ's "conclusory" one-sentence step-three analysis was "beyond meaningful judicial review"). Although the ALJ states that Plaintiff's impairments do not meet the Appendix 1 listings individually, the ALJ does not provide any analysis or explanation for why Plaintiff's impairments—in combination—do not meet or equal an Appendix 1 listing. As in *Torres*, the ALJ here failed at step three by not considering Plaintiff's impairments in combination.

The Court is unpersuaded by Defendant's argument that "[t]he Third Circuit has generally followed a different approach from that stated in *Torres*." (Def. Supp. Br. at 1). The cases on which Defendant relies (except *Johnson v. Comm'r of Soc. Sec.*, 398 F. App'x 727 (3d Cir. 2010)) were decided prior to the Third Circuit's *Torres* decision. (*See, e.g.*, *id.* at 2 (citing *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88 (3d Cir. 2007) and *Klangwald v. Comm'r of Soc. Sec.*, 269 F. App'x 202 (3d Cir. 2008)). And *Johnson* does not divert from—or even reference—the court's ruling in *Torres*, namely that a conclusory statement is not sufficient for a proper step-three combination analysis. *See Johnson*, 398 F. App'x at 734; *Torres*, 279 F. App'x at 152.

Accordingly, the Court remands this case so that the ALJ can complete his step-three analysis. In doing so, the ALJ should address the combined effects of Plaintiff's individual impairments and detail whether the combination of all of Plaintiff's impairments is equivalent in severity to a listed impairment. Pending the outcome of the combination analysis at step three, the ALJ should reconsider his determinations at steps four and five, if necessary.

## V.     CONCLUSION

For the foregoing reasons, the Court hereby vacates ALJ Giannopoulos's decision and remands the case for further proceedings consistent with this Opinion. An appropriate Order accompanies this Opinion.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**
